Shawn AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of<br>the Priority Mail parcel bearing tracking number **9505 5156 3771 1090 5595 37**, addressed to: "Hayley Kotner 121 W Poplar st Harrisburg, IL 62946-1419" with a return address of "Adres Roberts 1729 S Marvin Ave los Angeles CA 90019." | ) <br> ) <br> ) Case No. 4:21 MJ 3041 NCC <br> ) <br> ) SUBMITTED TO THE COURT AND <br> ) SIGNED BY RELIABLE ELECTRONIC MEANS |

## APPLICATION FOR A SEARCH WARRANT

I, __Mason McNail__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

the Priority Mail parcel bearing tracking number **9505 5156 3771 1090 5595 37**, addressed to: "Hayley Kotner 121 W Poplar st Harrisburg, IL 62946-1419" with a return address of "Adres Roberts 1729 S Marvin Ave los Angeles CA 90019."

located in the _____EASTERN_____ District of _____MISSOURI_____, there is now concealed

controlled substances and/or United States currency.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
✓ evidence of a crime;
✓ contraband, fruits of crime, or other items illegally possessed;
✓ property designed for use, intended for use, or used in committing a crime;
❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., §§ 841(a)(1), 846 | possess with intent to distribute controlled substance(s) |

The application is based on these facts:
SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓ Continued on the attached sheet.
❏ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**I state under the penalty of perjury that the foregoing is true and correct.**

_____
MASON MCNAIL, Task Force Officer
United States Postal Inspection Service
*Printed name and title*

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: __April 5, 2021__

_____
*Judge's signature*

City and State: __St. Louis, MO__

Noelle C. Collins, U.S. Magistrate Judge
*Printed name and title*
AUSA: JEANNETTE S. GRAVISS

## AFFIDAVIT

I, Mason J McNail, being duly sworn, state the following:

1. I am a Task Force Officer (TFO) with the United States Postal Inspection Service (USPIS). I have been assigned as a Task Force Officer with USPIS since approximately July of 2019. I have been assigned to the Contraband Interdiction and Investigation (CI2) Team. I have completed available training by the USPIS in the investigation of controlled substances or proceeds/payments being transported through the United States. The St. Louis Field Office's CI2 Team has intercepted numerous parcels which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity. I have accrued approximately 22 years of law enforcement experience. During my career, I have conducted numerous narcotics investigations as a Narcotics Detective, a position in which I have approximately eight years of experience, to include an assignment with the Drug Enforcement Administration (DEA). While assigned as a Detective, I received extensive training in narcotics investigations and money laundering investigations.

2. Experience and drug trafficking intelligence information gathered by the USPIS have demonstrated that the U.S. Postal Service Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored because of the speed (Express Mail - overnight; Priority mail - two day delivery), reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business-to-business, correspondence. Intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these labels are usually from an individual to an individual. Express Mail and Priority Mail are seldom used for individual to individual correspondence.

3. Information gathered by the USPIS has also demonstrated that other delivery couriers, such as Federal Express and United Parcel Service, are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Information gathered by the USPIS has demonstrated that the services and delivery practices of Federal Express and United Parcel Service are similar to U.S. Postal Service Express Mail and Priority Mail. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service are favored because of the speed, reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service were originally intended for urgent, business-to-business, correspondence. However, intelligence from prior packages which were found to contain controlled substances or proceeds/payments, has indicated that these shipping labels are usually from an individual to an individual. Federal Express and United Parcel Service are seldom utilized to convey individual-to-individual correspondence.

4. In an effort to combat the flow of controlled substances through the overnight or two to three day delivery services, interdiction programs have been established in cities throughout the United States by the USPIS. These cities have been identified as known sources of, and destinations for, controlled substances. The USPIS conducted an analysis of prior packages mailed through overnight and/or two to three day delivery services that contained controlled substances or proceeds/payments of controlled substance sales. The analysis of those prior packages indicated that these labels are usually from an individual to an individual. In the few cases when overnight, and or two to three day delivery service packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company, or the business listed is not associated with the mailer and was randomly selected by the mailer to deter law enforcement detection. In such instances, Postal Inspectors review available business records to verify the postage payment utilized by the mailer.

5. Most business mailings sent via USPS or through other private couriers reflect a pre-established postage meter or other various lines of credit to pay for the postage. Additionally, during the Silk Road investigation (dark web investigation that provided avenues to customers to order narcotics via the internet) the USPIS learned that unknown persons posted intelligence on the Silk Road website warning would be drug mailers that most USPIS search warrant affidavits for narcotics/narcotics proceeds packages, reflect mailing labels written as person-to-person and bore fictitious addressee and sender names. Due to the posting on the Silk Road Website, USPIS has noticed an increased number of packages utilizing valid sender and addressee names and or valid business names on narcotics/narcotics proceeds packages. Recent analysis has also shown that whether the mailer utilized a legitimate name/business on a mailing label or a fictitious name on the mailing label, cash payment for postage is the method of payment for most narcotics/narcotics proceeds parcels. USPIS analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U.S. Postal Service Express Mail, U.S. Postal Service Priority Mail, Federal Express, and United Parcel Service. This profile includes the following characteristics: package mailed from or addressed to a narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information which is handwritten; package is mailed from a Commercial Mail Receiving Agency (CMRA); package is addressed to residential areas; package is addressed from an individual to an individual; packages are wrapped in brown paper and/or heavily taped; and the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address, and or any other characteristic previously noted in this paragraph.

6. The U.S. Postal Inspection Service St. Louis Field Office's CI2 Team has found the characteristics listed in paragraphs three, four, and five, are indicative of packages, which have been found to contain illegal controlled substances or the proceeds/payments for controlled substances.

7. This affidavit is submitted for the limited purpose of establishing probable cause for the search warrant sought. I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient for the present purpose. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents and employees.

8. On Saturday, April 3, 2021, I conducted a review of parcels at the Network Distribution Center (NDC), 5800 Phantom Drive, Hazelwood, MO 63042. Parcel 9505 5156 3771 1090 5595 37 (hereafter "**Subject Parcel 1**"), described as a Priority Mail parcel, was located. **Subject Parcel 1** was mailed on March 31, 2021 from the Los Angeles, CA (90016) Post Office. I noted **Subject Parcel 1** had a handwritten label; postage fees were $15.50; was addressed from a known source narcotic area: Los Angeles, CA; and was heavily taped. The characteristics listed in this paragraph are consistent with characteristics of previous parcels that have contained narcotics or the proceeds of narcotics. Due to the characteristics of **Subject Parcel 1**, I detained **Subject Parcel 1** for further review in order to verify the validity of the addressee and sender listed on the mailing label.

9. **Subject Parcel 1** was addressed to "Hayley Kotner 121 W Poplar st Harrisburg, IL 62946-1419." **Subject Parcel 1** was addressed from "Adres Roberts 1729 S Marvin Ave los Angeles CA 90019." A search of available law enforcement databases indicated neither the sender, nor the recipient, returned to the respective addresses. The sender address did not appear to be an existent physical address and no one with the sender's name reported to any address in the United States. The recipient responded to the listed recipient address previously, but not currently. A check of USPIS business records indicated postage fees were paid in cash. Due to the characteristics associated with **Subject Parcel 1** a canine review was requested.

10. On April 3, 2021, I utilized my narcotics certified canine "Tobi." **Subject Parcel 1** was placed in an area not known to have been previously contaminated by a narcotic odor. I directed "Tobi" to search the area. Upon arriving at **Subject Parcel 1**, canine "Tobi" reacted in a positive manner, indicating the presence of a narcotic odor.

11. **Subject Parcel 1** is a Priority Mail branded box with a Priority Mail label affixed. **Subject Parcel 1** measures approximately 11 inches by 9 inches by 6 inches, and weighs approximately 1 pound, 12 ounces. Based on my training and experience, as well as the training and experience of other members of the USPIS Saint Louis CI2 Team, I know that the size and weight of **Subject Parcel 1**, coupled with other indicators (inconsistent information on the label, heavily taped, cash payment for postage fees, and

a positive reaction by a narcotics trained canine), are indicative of other packages which have been found in the past to contain narcotic substances, or monies which are the proceeds/payments of narcotic trafficking. It is my belief that the package will contain narcotics, a violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18 United States Code 1716, non-mailable articles, which are often posted inside of U.S. Post Offices and include contraband that could pose a danger to life, health, or property. Upon execution of the search warrant, I will provide the court with documentation of my findings. It is my belief that the package will contain narcotics, a violation of Title 21, United States Code, Sections 841(a)(1) and 846 and/or Title 18, (1716). Upon execution of the search warrant, I will provide the court with documentation of my findings.

12. In consultation with the United States Attorney's Office, I have learned that:

a. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specified unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

b. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specified unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

c. Title 18, United States Code, Section 1952 criminalizes using the mail with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

13. Based upon training and experience, and in consultation with other law enforcement officers and prosecutors, I am aware that individuals engaged in illegal activities (i.e., drug trafficking) that generate significant cash proceeds frequently engage in further criminal activities in order to conceal the source of the cash proceeds. In conjunction with that effort, these individuals avoid banking institutions, which are subject to federal reporting requirements mandating that a written report be made of any transaction involving $10,000 or more in cash. Wire transfer services (i.e. Western Union and MoneyGram) are also subject to such reporting requirements. In an effort to evade these reporting requirements, individuals engaged in criminal activity seek alternate means (i.e. personal couriers, the United States Mail, and/or private delivery services like FedEx) to transport cash.

14. **Subject Parcel 1** is currently in the custody of Task Force Officer Mason J McNail in the Eastern District of Missouri. Attached herewith is a picture of the mailing label for Priority Mail parcel 9505 5156 3771 1090 5595 37 and a copy of the qualifications for canine "Tobi.

15. Because this investigation is ongoing and its success would be jeopardized if the contents of this affidavit were made public, Inspectors request that this affidavit be sealed until further order of the Court.

I state under penalty of perjury that the foregoing is true and correct.

MASON J MCNAIL
USPIS Task Force Officer

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 this 5th day of April, 2021.

NOELLE C. COLLINS
United States Magistrate Judge
Eastern District of Missouri



**North County Police Cooperative**
Bureau of Criminal Investigations Canine Detective
Canine Probable Cause Affidavit of Qualifications
Handler: Detective Mason McNail, DSN 373
Canine "Tobi"

I, Detective Mason McNail, DSN 373, have been a Commissioned Police Officer with the North County Police Cooperative since January of 2021. I have previously amassed 22 years of police and narcotics experience while employed by the Lincoln County Sheriff's Office, Richmond Heights Police Department, and the St. Ann Police Department. I was also assigned to the Drug Enforcement Administration as a Task Force Officer from 2013 to 2017. I have completed 960 hours of Missouri P.O.S.T. required Law Enforcement Academy requirements. Canine "Tobi" and I are currently assigned to the North County Police Cooperative Bureau of Criminal Investigations, as well as the United States Postal Inspection Service.

Canine Tobi is a brindle colored, male, Dutch Shepherd. He was born on June 10, 2018. Canine Tobi and I attended and completed the "Narcotics Detection" training course from August 2, 2020 through August 14, 2020. This course was held at F.M. K9, located in Berrien Center, Michigan. The training course consisted of two weeks of instruction in the application of canine obedience, narcotics/controlled substance detection, and article search. Canine Tobi and I were certified by the North American Police Work Dog Association (NAPWDA) as an accredited Narcotic Detection Canine team on August 12, 2020.

Canine Tobi has been trained to sniff and alert to the distinctive odors of controlled substances including: Heroin, Cocaine, Methamphetamine, Fentanyl, and Marijuana. Canine Tobi alerts to these odors in a passive manner and exhibits a significant change in behavior by sitting, standing, or laying at, or as close as he can get, to the source of the odor.

Since Canine Tobi and I began working, he has been responsible for the seizure of approximately 107.9 pounds of marijuana, approximately 29 pounds of methamphetamine, 6.4 pounds of fentanyl, 3.5 grams of cocaine, approximately 2.8 grams of LSD, and 3 firearms. Canine Tobi has also been responsible for the seizure of approximately $302,976 in smuggled bulk US Currency and Money Orders.

Canine Tobi and I train a minimum of 16 hours per month, in the areas of narcotic detection, obedience, tracking, and article searches with the St. Louis County Police Department and/or on our own time.

This affidavit is current as of March 23, 2021.

Detective Mason McNail, DSN 373
North County Police Cooperative
Bureau of Criminal Investigations
8027 Page
St. Louis, MO
314-427-8000